**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Carlos PEREZ–INFANTE, also known as Manuel Guzman–Ramirez,**
**Defendant–Appellant.**

**No. 05–41835**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Laura Fletcher Leavitt, Assistant Federal Public, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and SMITH and STEWART, Circuit Judges.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Juan Carlos Perez–Infante raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

Appealing the Judgment in a Criminal Case, Isidro Sanchez–Lazo raises arguments that are foreclosed by *United States v. Garcia–Mendez,* 420 F.3d 454 (5th Cir. 2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006), which held that a Texas conviction for burglary of a habitation was equivalent to burglary of a dwelling and therefore was a crime of violence under U.S.S.G. § 2L1.2, and by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

